Mr. Justice CAMPBELL
 

 delivered the opinion of the court.
 

 The appellee submitted to the board of-commissioners appointed under the act of Congress of the 3d of March, 1851, (9
 
 *413
 
 Stat. at L., 632, ch. 41,) to settle private land claims in California, a claim for four square leagues of land in the valley of the Sacramento river, called “Las Colussas,” as the assignee of John Danbenbiss. His evidence consists of a petition of Danbenbiss to Micheltorena, Governor of California, dated in July, 1844, in which he describes himself as a native of Germany, but naturalized in Mexico, where he had resided two years, and that he desired a grant of this land to devote himself to agriculture. The Secretary, Jimeno, reported that the consideration of many petitions of the same nature had been postponed until after the Governor had visited the country of the Sacramento and San Joaquin; and as he had no general map of the country to guide them in'inaking grants, he suggested that this petition should be laid over with the others. The Governor thereupon' made an order that the petitioner might take possession, and deferred further action until he should visit the country; and returned the papers to the petitioner.
 

 During the fall of 1844, a formidable insurrection against Micheltorena was maintained by some of the leading men in California, and in the month of December of that year he was beleaguered at Monterey. One of the principal grounds of •complaint against him was an imputed disposition to strengthen the settlement of Sutter on the Sacramento by improvident grants to foreign emigrants.
 

 While the Governor was blockaded at Monterey, a courier was sent to Sutter, conveying the document-known as Sutter’s “general title,” which is set out in the opinion of the court in the case of the United States
 
 v.
 
 Michael C. Nye, and by which Sutter was enabled to collect a body of “foreign volunteers,” who went to the aid of the Governor. Danbenbiss was one of those who accompanied Sutter.
 

 The forces of the rival chiefs met at Coahuanga the latter part of February, 1845, and, after a bloodless battle, Micheltorena consented to abdicate his office in a short time, and to leave, the country. In June, 1846, Sutter .gave to the petitioner (Danbenbiss) a certified copy of the “general grant,” which'was produced to the board of commissioners as the complement to the other evidence of title in favor of Danbenbiss.
 

 
 *414
 
 None of these documents are to be found in the public archives. No trace of the evidence on which these titles depend is exhibited in any of the records of that State. The consideration on which they were made have no reference to the colonization laws of Mexico. The promises of Micheltorena to' Sutter, and through Sutter to the foreign volunteers, did not confer a title to any part of the public domain, nor perfect any incipient pretension into a vested interest. The parties looked to the contingency of a suppression of the revolt and the maintenance of the power of the Governor for the fulfilment of these promises. In this they were disappointed. The paper remained in the possession of Sutter for nearly fifteen months after the defeat and abdication of Micheltorena, before he gave a copy to Danbenbiss.
 

 For these reasons, and others contained in the opinion of the court in the case of the United States
 
 v.
 
 Nye, it is the judgment of the court that the claim presented by the appellee is invalid. The decree of the District Court of the United States for the northern district of California is reversed, and the cause remanded to that court, with directions to that court to dismiss the petition.